J-S43016-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DWAYNE HILL | : | |
| | : | |
| Appellant | : | No. 1840 EDA 2024 |

Appeal from the PCRA Order Entered June 14, 2024
In the Court of Common Pleas of Philadelphia County
Criminal Division at No:  CP-51-CR-0505682-1990

BEFORE:  BOWES, J., STABILE, J., and KUNSELMAN, J.

MEMORANDUM BY STABILE, J.:                    **FILED APRIL 10, 2025**

Appellant, Dwayne Hill, *pro se,* appeals from the order of the Court of Common Pleas of Philadelphia County denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  Upon review, we affirm.

The case facts and procedural history are not at issue here.  Briefly, on October 8, 1991, following a jury-trial, Appellant was convicted of second-degree murder, robbery, criminal conspiracy, and possession of an instrument of crime ("PIC").  He was sentenced to life imprisonment on the murder count, with an aggregate concurrent term of two to 10 years for conspiracy and PIC. On March 10, 1993, this Court affirmed the judgment of sentence.  ***See Commonwealth v. Hill***, No. 2705 PHL 1992, unpublished memorandum (Pa. Super. filed March 10, 1993).

_____
[1] 42 Pa.C.S.A §§ 9541–46.

- 1 -

Thereafter, Appellant filed nine unsuccessful PCRA petitions. On March 22, 2022, Appellant filed the instant petition, his tenth, asserting the newly discovered fact timeliness exception, and arguing that his low IQ and limited ability to read or write at the time of his 1991 trial now entitle him to relief.

On January 12, 2023, while the instant petition was pending, Appellant learned from another inmate that at least four of the detectives and prosecutors allegedly involved in his case were charged for misconduct. On January 17, 2023, Appellant filed a motion for leave to amend the instant petition, as well as a "supplemental PCRA petition" with documentation of this new discovery. On May 3, 2024, without ruling on Appellant's request to amend, the PCRA court sent notice of its intention to dismiss, within 20 days, the petition field on March 22, 2022, for a lack of particularity pursuant to Pa.R.Crim.P. 907.

On May 13, 2024, Appellant filed a second motion for leave to amend, this time reasserting the discovery of police misconduct in an "amended PCRA petition." On June 14, 2024, the PCRA court dismissed the instant petition filed on March 22, 2022. Appellant timely appealed, and both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant now presents the following issue for our review: "Did the [PCRA] court err and/or abuse its discretion when it dismissed Appellant's PCRA petition without ruling on his motion for leave to amend?" Appellant's Brief, at 1.

Our standard of review from a PCRA court's determination is well settled. We must determine whether the ruling of the PCRA court is supported by the record and free of legal error. **Commonwealth v. Lawson**, 90 A.3d 1, 4 (Pa. Super. 2014) (citing **Commonwealth v. Phillips**, 31 A.3d 317, 319 (Pa. Super. 2011). We consider the record in the light most favorable to the prevailing party. **Commonwealth v. Stultz**, 114 A.3d 865, 872 (Pa. Super. 2015). When supported by the record, this Court is bound by the PCRA court's credibility determinations. **Commonwealth v. Burton**, 158 A.3d 618, 627 n.13 (Pa. 2017). However, we afford no such deference to the PCRA court's legal conclusions, thus, applying a de novo standard of review to such rulings. **Commonwealth v. Spotz**, 18 A.3d 244, 259 (Pa. 2011).

On appeal, Appellant contends that the PCRA court abused its discretion by dismissing his petition without first ruling on his motion for leave to amend. Pa.R.Crim.P. 905(A) provides that an amendment to a PCRA petition "shall be freely allowed to achieve substantial justice." However, "merely asking the court to amend and the court not ruling on that request is not enough to show an abuse of discretion." **Commonwealth v. McKeithan**, 2022 WL 2951712, unpublished memorandum at *5 (Pa. Super. filed July 26, 2022).[2]

Here, while the PCRA court did not expressly rule on the motion to amend, Appellant suffered no prejudice from the PCRA court's alleged

---

[2] **See** Pa.R.A.P. 126(b) (unpublished non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value).

- 3 -

inaction, because it appears that the court implicitly granted Appellant's motion. In its 1925(a) opinion, the PCRA court considered the claim in Appellant's amended petition that he was entitled to relief because he had recently discovered evidence of police misconduct on the part of officers involved in his case. The PCRA court reasoned that "[g]eneral allegations regarding misconduct in other cases are not sufficient to overcome the [PCRA's] time bar." PCRA Court 1925(a) Opinion, 6/14/2024, at 2. Appellant's procedural claim is, therefore, meritless. *Id.*

Aside from the lack of merit in Appellant's procedural claim, we agree with the PCRA court that the instant petition, including the claims in the amended instant petition, were untimely filed.

This Court affirmed Appellant's judgment of sentence on March 10, 1993. Therefore, his sentence became final on April 10, 1993, when the time to file for allowance of appeal with our Supreme Court expired. Unless an exception applies, a petitioner seeking PCRA relief must file the petition within one year of the date upon which his or her judgment of sentence became final. 42 Pa.C.S.A. § 9545(b)(1). Appellant filed his tenth PCRA petition on March 22, 2022, about 31 years after his judgment became final. The underlying PCRA petition is, therefore, patently untimely and procedurally barred unless an exception to the time-bar applies.

The PCRA sets forth three exceptions to its jurisdictional time-bar under which the petitioner must plead and prove by a preponderance of the evidence one or more of the following:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii); *see also Commonwealth v. Marshall*, 947 A.2d 714, 719 (Pa. 2008). Each of these exceptions must be filed within one year from the date on which the claim could have first been presented. *See* 42 Pa.C.S.A. § 9545(b)(2).

Subsection (b)(1)(ii) is commonly known as the newly discovered facts exception. This exception is limited to "newly discovered facts, not newly discovered or newly willing sources for previously known facts." *Commonwealth v. Myers*, 303 A.3d 118, 121 (Pa. Super. 2023) (citation omitted).

Here, Appellant has invoked the newly discovered fact exception and the government interference exception. As to the newly discovered fact exception, Appellant asserted two main grounds: (1) his mental capacity[3] and

---

[3] As noted above, Appellant argued that his low IQ and limited ability to read or write at the time of his 1991 trial qualifies as newly discovered fact evidence.

(2) newspaper articles documenting misconduct by police officers involved with his case.

The general rule is that a mental illness or psychological condition, absent more, will not serve as an exception to the PCRA's jurisdictional timeliness requirements. *Commonwealth v. Monaco*, 996 A.2d 1076, 1081 (Pa. Super. 2010). "Only under a very limited circumstance has the Supreme Court ever allowed a form of mental illness or incompetence to excuse an otherwise untimely PCRA petition." *Id*., at 1080-81. Here, Appellant does not claim, much less prove, that he was incompetent during the statutory period allowed to file a timely PCRA petition. He has argued, rather, that his prior incompetence should qualify as a newly discovered fact. As such, Appellant does not meet the newly discovered fact exception on this ground. *See*, *e.g.*, *Commonwealth v. Ali*, 86 A.3d 173 (Pa. 2014); *Commonwealth v. Liebensperger*, 904 A.2d 40 (Pa. Super. 2006).

Furthermore, Appellant's cognitive abilities, and his ability to read and write, are facts that would have been known to Appellant for many years. Additionally, Appellant has not explained why those facts could not have been discovered sooner through the exercise of due diligence. *See* 42 Pa.C.S.A. § 9545(b)(1)(ii). Accordingly, Appellant failed to prove that these facts (*i.e.*, cognitive ability, ability to read and write) qualify as newly discovered facts.

Next, as mentioned above, Appellant claims that the discovery of a "news article" listing Philadelphia detectives and prosecuting attorneys who

were fired and/or charged with misconduct, satisfied the newly discovered fact exception. Appellant's Brief, at 1.[4] This Court has explained that the information contained in a newspaper article alone is insufficient to establish a newly discovered fact exception because, at most, the article merely references potential evidence:

> Our Supreme Court addressed a situation like the one in the case *sub judice* in **Commonwealth v. Castro**, 93 A.3d 818 ([Pa.] 2014). In **Castro**, the petitioner relied upon a newspaper article to establish the newly-discovered fact exception to the PCRA's timeliness requirement. Our Supreme Court held that a newspaper "**article contain[ed] allegations that suggest such evidence may exist, but allegations in the media, whether true or false, are no more evidence than allegations in any other out-of-court situation**." **Id.** at 825.
>
> In . . . **Castro** . . . [our Supreme Court held that] the newspaper article [merely] referenced [what] could be evidence. **See id.** at 827. Thus, there [wa]s no fact within the [article], only information which could lead Appellant to discover facts.

**Commonwealth v. Reeves,** 296 A.3d 1228, 1232 (Pa. Super. 2023) (emphasis in original); **Commonwealth v. Chamberlain**, 30 A.3d 381, 414 (Pa. 2011) (the proposed new evidence must be "producible and admissible").

It follows that the article identified by Appellant did not constitute a newly discovered fact for the purposes of the PCRA. At most, the article suggested that evidence may exist, but in itself, the article, was not evidence of the facts alleged.

---

[4] It is not an actual news article. It is simply a list of names, presumably part of an article.

Additionally, Appellant failed to show the relevance of these allegations in the context of his case. Although the timeliness exception set forth in Section 9545(b)(1)(ii) does not require a "'direct connection' between the newly-discovered facts and the claims asserted by a petitioner," there must be "some relationship between the two." *See Commonwealth v. Shannon*, 184 A.3d 1010, 1017 (Pa. Super. 2018).

Here, Appellant did not explain how the list of names in the "article" supports his PCRA claims. While the article includes the names of some officers and/or prosecutors assigned to his case, it does not cite any evidence of wrongdoing by the prosecutors or officers that may be linked to Appellant's case. *See Commonwealth v. Trivigno*, 2021 WL 3465926, at *4 (Pa. Super. filed August 6, 2021) (relying on *Commonwealth v. Chmiel*, 173 A.3d 617 (Pa. 2017)).

In light of the foregoing, we conclude that Appellant has not satisfied the newly discovered fact exception to the PCRA time bar.

Appellant also attempts to invoke the PCRA's governmental interference exception, arguing that the Commonwealth withheld evidence of misconduct by the prosecutors and officers involved in his case, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).[5] *See* Supplemental PCRA Petition, 1/17/23.

_____

[5] To successfully invoke the governmental interference exception, Appellant "must plead and prove the failure to previously raise the [underlying] claim was the result of interference by governmental officials, and that the information could not have been obtained earlier with the exercise of due

A review of the claim reveals that most of the alleged episodes of misconduct all took place decades ago, at around the time of his trial. Additionally, Appellant has stated that he learned of this "new fact" on January 12, 2023, but he first asserted the claim on May 13, 2024, more than a year after that alleged discovery. Thus, even if this had somehow been a newly discovered fact, his claim would still be untimely under Section 9545(b)(2).

Finally, Appellant contends that the Commonwealth was aware of some of the misconduct allegations as early as 2014 and did not inform Appellant. However, he does not explain how the Commonwealth was made aware of the allegations. Nor does he explain when he learned that the Commonwealth was aware of the misconduct allegations. In short, Appellant failed to explain how the Commonwealth prevented him from raising these claims and why these claims could not have been raised earlier through the exercise of due diligence. Thus, to the extent that Appellant argues governmental interference as a basis to overcome the untimeliness of the underlying petition, no relief is due.

---

diligence." *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008); *see also* 42 Pa.C.S.A. § 9545(b)(1)(i). A *Brady* violation may qualify as governmental interference if the above requirements are met. *Id.*

"[T]o establish a *Brady* violation, a defendant is required to demonstrate that exculpatory or impeaching evidence, favorable to the defense, was suppressed by the prosecution, to the prejudice of the defendant." *Commonwealth v. Gibson*, 951 A.2d 1110, 1126 (Pa. 2008).

Accordingly, we conclude that Appellant failed to prove a timeliness exception applies, and the PCRA court did not abuse its discretion in dismissing Appellant's amended petition.

Order affirmed.


Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 4/10/2025